Andrea **SPIEGLER**, on Behalf of Herself and All Others Similarly Situated; Pnina Bouskila, on Behalf of Herself and All Others Similarly Situated, Plaintiffs—Appellants,

v.

**HOME DEPOT USA, INC.;** The Home Depot, Inc.; Expo Design Center; U.S. Remodelers, Inc.; U.S. Home Systems, Inc., Defendants—Appellees.

No. 08–55782.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2009.

Filed Oct. 20, 2009.

Michael David Braun, Braun Law Group, P.C., Los Angeles, CA, Matthew J. Zevin, Esquire, Stanley Mandel Iola, LLP, San Diego, CA, for Plaintiffs–Appellants.

Mark T. Cramer, Kirkland & Ellis, LLP, Darin T. Beffa, Counsel, Martin Boles, Kirkland & Ellis, LLP, Los Angeles, CA, Robert Richard Gasaway, Kirkland & Ellis LLP, Washington, DC, John J. Byrne, Jr., Esquire, Johanson Berenson, LLP, Great Falls, VA, David Doss Piper, Esquire, Keesal, Young & Logan, Audette Paul Morales, Esquire, Long Beach, CA, Douglas Rubel, Esquire, Johanson Berenson, LLP, Cary, NC, for Defendants–Appellees.

Before: KLEINFELD and TALLMAN, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

Andrea Spiegler and Pnina Bouskila represent a putative class (collectively "Appellants") of home improvement store patrons who allege they were overcharged for cabinet refacing work completed in their homes. Appellants brought this action against Home Depot U.S.A., Inc.; The Home Depot, Inc.; Expo Design Center; and Does 1–100 (collectively "Home Depot"). The district court granted Home Depot's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appellants' Second Amended Complaint set forth five causes of action alleging violations of California's Unfair Competition Law and Consumers Legal Remedies Act, breaches of contract terms and implied warranties, and seeking contract reformation. The district court correctly found the contracts between Appellants and Home Depot to be fixed-price contracts and therefore did not imply a quantity term into the contracts. Pursuant to this interpretation, Appellants failed to state a claim upon which relief can be granted. The district court's disposition in this case, *Spiegler v. Home Depot U.S.A., Inc.,* 552 F.Supp.2d 1036 (C.D.Cal.2008), is well-reasoned and we affirm for the reasons stated within it. We agree that Appellants' Second Amended Complaint does not plead facts sufficient to state a claim upon which relief can be granted.

**AFFIRMED.**

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.